CJ 21-2203
Bonier


*1049584123*

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 20 2021

RICK WARREN
COURT CLERK

125 _____  ___ ___

TOM LYNN,

        Plaintiff,

v.

DCP MIDSTREAM, LP,

        Defendant.

Case No. CJ–2021–

**CJ - 2021 - 2203** •

## PETITION

**COMES NOW THE PLAINTIFF**, and for his cause of action herein alleges and states as follows:

1.    Plaintiff is Tom Lynn, an adult resident of Pawnee County, Oklahoma.

2.    Defendant is DCP Midstream, LP, a foreign limited partnership operating in Oklahoma County, Oklahoma.

## CLAIMS AND VENUE

3.    Plaintiff's causes of action are for disability discrimination for association with Plaintiff's wife in violation of the Americans with Disabilities Act ("ADA"), as well as retaliation for requests for accommodations under the ADA, and age discrimination under the Age

1

**EXHIBIT 3**

Discrimination in Employment Act ("ADEA"). Lastly, Plaintiff alleges interference and/or retaliation under the Family Medical Leave Act ("FMLA").

4. Defendant operates and is officed in Oklahoma County, and venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendant employed twenty (20) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year, and is a covered employer under the ADA and ADEA.

6. Defendant employed at least fifty (50) employees within seventy-five (75) road miles and is a covered employer under the FMLA.

7. Plaintiff was employed by Defendant for more than one year and worked in excess of 1,250 hours during the year preceding his claim. As a result, Plaintiff was a covered employee under the FMLA.

8. Plaintiff was an employee of Defendant from approximately June 13,

1983 until his termination on or around April 7, 2020. At the time of his termination, Plaintiff was a field operations supervisor.

9.     At the time of Plaintiff's termination, he was fifty-nine (59) years old.

10.    Plaintiff performed his job satisfactorily.

11.    Plaintiff never received a write up for poor performance nor complaints about his performance through 2018.

12.    In approximately February 2018, Plaintiff's supervisor changed. Ryan Shaw was hired by Defendant to supervise Plaintiff. Shaw is significantly younger than Plaintiff (approximately age 42).

13.    Around September 2018, Plaintiff wife, Sharon Lynn, was diagnosed with breast cancer. Ms. Lynn underwent treatment via surgery, chemo, and radiation.[1]

14.    Plaintiff advised Defendant of his wife's medical condition and sought time off work to care for her and take her to her treatments, including a

---

[1] Such condition constitutes a disability under all three prongs defined by the ADA.

3

week off work for her surgery and care after, as well as intermittent leave

to take her to continuing treatments through October 2019.

15.   Defendant never offered Plaintiff FMLA leave, nor advised him of his

rights to such leave to care for his wife.

16.   Time off work for Plaintiff to take his wife to medical treatment for her

serious health condition is a reasonable accommodation for Plaintiff.

17.   In February 2020, Plaintiff received his first unsatisfactory performance

review from Shaw. A reason for such negative review was Plaintiff's

leave for his wife's treatment, because Plaintiff was not in the field

enough.

18.   Upon Plaintiff's information and belief, the reasons for such issue was

his   wife's   medical   treatment,   for   which   he   had   requested

accommodations.

19.   On or around April 7, 2020, Shaw terminated Plaintiff with Amanda

Turner (human resources, by phone). The reason given to Plaintiff for

4

the termination was Plaintiff's alleged failure to submit engine and/or compressor reports.

20. Such reason is false and pretextual in that Plaintiff had been submitting such reports in accordance with Defendant's practices.

21. Such reason is false and pretextual, and Plaintiff objected to such reason and pointed out that multiple, significantly younger supervisors had been turning in reports similar to how Plaintiff had been.

22. Defendant responded to such objection by stating Plaintiff was being "held to a higher standard" than those younger employees.

23. Approximately one week following Plaintiff's termination, Plaintiff learned Defendant conducted a reduction in force among its employees.

24. In performing such reduction, Defendant fired significantly more older workers than younger workers (statistically), however Plaintiff was not offered the severance those other employees were offered.

25. At the least, Defendant was motivated by Plaintiff's wife's disability (and

his association and requests for accommodation therewith), and/or Plaintiff's age, in making the decision to terminate his employment.

26.   As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay) and emotional distress/dignitary harm damages.

27.   Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination on or around August 20, 2020. The EEOC issued Plaintiff's right to sue letter on March 2, 2021, and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

**COUNT I – DISABILITY ASSOCIATION DISCRIMINATION**

Plaintiff incorporates the paragraphs above and further pleads as follows:

28.   Discrimination due to Plaintiff's wife's disability and the failure to engage in the interactive accommodations process are prohibited by the

ADA.

29.   Under the ADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

30.   Under the ADA, the Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

31.   Because the actions of Defendant were willful, malicious, or in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## COUNT II – FMLA INTERFERENCE & RETALIATION

Plaintiff incorporates the paragraphs above and further pleads as follows:

32.   Although Plaintiff was entitled to FMLA leave to care for his wife, Defendant never advised Plaintiff of his leave rights nor of the process for attaining such leave.

33.   Rather than allowing Plaintiff his protected leave, Defendant terminated

Plaintiff's employment and lowered his performance evaluation due to his time off work to care for his wife due to her serious medical condition.

34. Plaintiff was entitled to protected leave time under the FMLA.

35. Defendant's termination of Plaintiff's employment interfered and/or retaliated with Plaintiff's exercise of his protected leave rights.

36. Interfering with and retaliating because of Plaintiff's protected leave rights is prohibited by the FMLA.

37. Under the FMLA, Plaintiff is entitled to wages lost due to the termination of his employment.

38. Because the actions of Defendant were willful, Plaintiff is entitled to liquidated damages on this claim.

## COUNT III –AGE DISCRIMINATION

Plaintiff incorporates the paragraphs above and further pleads as follows:

39. Firing Plaintiff and holding him to higher work standards because of his

8

age is prohibited under the ADEA.

10.    Under the ADEA, Plaintiff is entitled to wages lost due to the termination of his employment.

11.    Because the actions of Defendant were willful, Plaintiff is entitled to liquidated damages on this claim.

### PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 30th DAY OF MAY 2021.**

Leah M. Roper, OBA #32107

THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: (405) 252-1180
Leah@CenterForEmploymentLaw.Com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**